## Commonwealth v. Yakubisin.

Argued May 10, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

384

*Stuart A. Liner*, Assistant Attorney General, with him *Anthony J. Maiorana*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Israel Packel*, Attorney General, for appellee.

No appearance for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 21, 1973:

On December 23, 1968, appellee Steve Yakubisin was apprehended for operating his motor vehicle while under the influence of intoxicating liquor. He then refused the police officer's request that he submit to a chemical breath test. The Secretary of Transportation, when made aware of appellee's decision, notified him that his operating privileges were suspended pursuant to the authority of §624.1(a) of The Vehicle Code, 75 P.S. §624.1(a).[1] He appealed to the Court of Common Pleas of Westmoreland County which granted a supersedeas of the suspension pending the outcome.

After hearing, the lower court sustained the appeal and restored appellee's operating privileges. The court held that the Secretary abused his discretion because

---

[1] Act of April 29, 1959, P. L. 58, §624.1 as amended, 75 P.S. §624.1.

appellee had been acquitted in prior criminal proceedings stemming from the charge of driving while under the influence of intoxicating liquor. The lower court's error, undoubtedly made because of its unfamiliarity with our recent pronouncement, must call for reversal.

This precise issue was before us in *Commonwealth v. Abraham*, 7 Pa. Commonwealth Ct. 535, 300 A. 2d 831 (1973) and we now hold that *Abraham* controls. This Court there held that the action of the Secretary in suspending operating privileges under the same circumstances was proper. Judge MENCER, writing for this Court, said in *Abraham, supra*, that "[d]espite the fact that the charge [of driving while under the influence of intoxicating liquor] against appellee was dismissed, there remains the separate refusal to take the test. For the simple reason that the suspension was a civil proceeding, and the acquittal was a result of a criminal proceeding, the Secretary acted properly." *See also* Annot., 96 A.L.R. 2d 612, 614 (1964).

Accordingly, the order of the Court of Common Pleas of Westmoreland County is reversed, and the order of the Secretary of Transportation is reinstated.